UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| TRIREME MEDICAL, LLC,<br><br>       Plaintiff,<br>   v.<br><br>ANGIOSCORE, INC.,<br><br>       Defendant. | Case No.  3:14-cv-02946-LB<br><br>**ORDER DENYING MOTION FOR ATTORNEY'S FEES**<br><br>[Re: ECF No. 55] |

**INTRODUCTION**

This is a case for correction of patent inventorship under 35 U.S.C. § 256. (ECF No. 1 at 2, ¶ 3.)[1] Plaintiff TriReme Medical, LLC's claims involve the alleged inventive contributions that a third party, Dr. Chaim Lotan, made to an angioplasty balloon catheter that defendant AngioScore, Inc. manufactures. TriReme sued to add Dr. Lotan to the patents-in-suit, alleging that he licensed his rights to TriReme in 2014.

In March 2015, the court dismissed the case with prejudice, holding that Dr. Lotan assigned whatever rights he had in the subject patents to AngioScore in a 2003 consulting agreement and thus had no rights in those patents to license to TriReme in 2014. (3/17/15 Order, ECF No. 41.) TriReme thus had no actionable interest in those patents and no standing to pursue a § 256 claim

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the tops of documents.

to correct inventorship on the patents. (*Id.*)

AngioScore now has moved for its attorney's fees under 35 U.S.C. § 285, saying that it is a prevailing party and characterizing this as an "exceptional" case meriting fee shifting. (Motion, ECF No. 55, at 5.) In support of that conclusion, it argues that TriReme's claims were weak and failed on "'a straightforward application of the Consulting Agreement.'" (*Id.*, quoting 3/17/15 Order at 7.) It suggests that TriReme filed the lawsuit tactically to leverage its position in another lawsuit pending in this district.[2] (*Id.*) It also faults TriReme for an inadequate pre-filing investigation that failed to uncover the 2003 consulting agreement and for persisting in its case even after it became aware of the consulting agreement. (*Id.* at 5-6.)

In the exercise of its discretion, and applying the standard in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014), the court finds that the case is not "exceptional" and thus denies the motion for fees.[3]

## STATEMENT

AngioScore owns three patents issued on a medical device: a balloon catheter used in angioplasty to remedy obstructions (such as plaques) in the peripheral vascular system. (ECF No. 1 at 2, ¶ 7; *see* ECF No. 37 at 10, 13.)) AngioScore owns these patents by assignment and manufactures the angioplasty balloon catheter to which they relate. The device's inventors include Dr. Eitan Konstantino (who founded AngioScore and later left to found TriReme) and Tanhum Feld. Dr. Chaim Lotan — who is not a party to this suit; and who is not listed as an inventor on the patents — is an Israeli cardiologist who claims to have contributed to early work on the catheter and so to have inventors' rights in the subject patents. Dr. Lotan entered into two contracts

---

[2] The parties have a separate patent-infringement case pending in this district. *See AngioScore, Inc. v. TriReme Med., Inc.*, 4:12-cv-3393-YGR.

[3] TriReme also argues that AngioScore is not a prevailing party because the court dismissed the case for lack of standing and did not materially alter the parties' relationship. (Opposition, ECF No. 61 at 13-14). AngioScore responds that the court's order did materially alter the parties' legal relationship because the court ruled that Dr. Lotan assigned any interest in the patents-in-suit to AngioScore and dismissed the case with prejudice. (Reply, ECF No. 64 at 6.) Because in the exercise of its discretion, the court finds that this is not an exceptional case meriting fee shifting, the court does not address the parties' argument about whether AngioScore is a "prevailing party" under § 285.

1  relevant to the case. In 2003, he entered into a consulting agreement with AngioScore; under that
2  agreement, Dr. Lotan assigned to AngioScore all his rights in inventions that he worked on, and
3  which related to AngioScore's business, during the contract's term. (ECF No. 36-2 at 2-3.) In June
4  2014, one day before TriReme filed this suit, Dr. Lotan granted TriReme an exclusive worldwide
5  license to "exploit" his rights in those patents. (ECF No. 36-3 at 2-8.) In its answer, AngioScore
6  identified the consulting agreement and said that because of it, Dr. Lotan had no patent rights to
7  assign to TriReme. (Answer, ECF No. 21 at 6, ¶ 22.)

8  In its order dismissing the case, the court held that Dr. Lotan assigned all his rights in the
9  subject patents to AngioScore in the 2003 consulting agreement and had no rights in the patents to
10 license to TriReme in 2014. (3/17/15 Order, ECF No. 41.) Because it had no actionable interest in
11 the patents, TriReme had no standing to pursue a § 256 claim to correct inventorship in the
12 patents. (*Id.*)

13 AngioScore says that in a call on September 2, 2014, it offered an early disclosure of the
14 consulting agreement to TriReme, and TriReme refused the proposal. (Armenio Decl., ECF No.
15 55-1, ¶ 17.) AngioScore produced the consulting agreement in its first document production on
16 December 17, 2014. (*Id.* ¶ 19.) It deposed Dr. Lotan on January 12, 2015 and moved to dismiss on
17 January 29, 2015. It incurred $603,252 in fees in the case. (*Id.*, Ex. A.) Its fees since it identified
18 the consulting agreement on September 2, 2014 are $496,734, and its fees since it produced the
19 consulting agreement on December 17, 2014 are $313,730. (*Id.*)

20 AngioScore proposed, and this court ordered, phasing to focus on the consulting agreement.
21 (ECF No. 27 at 8; ECF No. 29.) Still, AngioScore said, it had to spend a lot to respond to
22 TriReme's discovery requests, even though the consulting agreement was dispositive. (Motion,
23 ECF No. 55 at 9-10, describing 35 requests for production, the collection and review of 1,500
24 documents, and answering questions about its production.) It also points to TriReme's initial
25 representations about whether it controlled Dr. Lotan — who in the license agreement agreed to
26 provide reasonable assistance to TriReme in connection with any litigation involving the "Lotan
27 IP rights" — before TriReme ultimately produced Dr. Lotan for a deposition and also disclosed
28 documents. (*Id.*)

ORDER DENYING MOTION FOR ATTORNEY'S FEES (No. 3:14-02946-LB)

3

## ANALYSIS

The Patent Act, 35 U.S.C. § 285, provides: "The court in exceptional circumstances may award reasonable attorney fees to the prevailing party." "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane*, 134 S. Ct. at 1756. "[A] district court may award fees in the rare case in which a party's unreasonable conduct — while not necessarily independently sanctionable — is nonetheless so 'exceptional' as to justify an award of fees." *Id.* at 1757. "[A] case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself aside from mine-run cases to warrant a fee award." *Id.*

"District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.*; *see Highmark v. Allcare Health Mgt. Sys., Inc.*, 134 S. Ct. 1744, 1748 (2014) (an appellate court reviews a district court's § 235 determination for abuse of discretion). "As in the comparable context of the Copyright Act, '[t]here is no precise rule or formula for these determinations, but instead equitable discretion should be exercised 'in light of the considerations we have identified.''" *Octane*, 134 S. Ct at 1756 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994)). The *Octane* Court further noted that in *Fogerty*, it had "explained that in determining whether to award fees under a similar provision in the Copyright Act, district courts could consider a 'nonexclusive' list of 'factors,' including 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Id.* at 1756 n.6. Proof of entitlement to fees must be established by a preponderance of the evidence. *Id.* at 1757.

This is not the "exceptional" case justifying an award of fees under the fees statute. It is true, as AngioScore points out, that the court grounded its dismissal on the express terms of the 2003 consulting agreement. But TriReme's arguments were not frivolous or objectively unreasonable. *See Octane*, 134 S. Ct. at 1756 n.6. The court reaches this conclusion based on its careful consideration of the legal and factual arguments that both parties raised during the proceedings on

ORDER DENYING MOTION FOR ATTORNEY'S FEES (No. 3:14-02946-LB)

4

1  the motion to dismiss.

2  AngioScore also argues that at least after TriReme knew of the consulting agreement, it should have dropped the lawsuit. Again, the court's view is that TriReme's legal and factual arguments — grounded in the consulting agreement itself —were not frivolous or objectively unreasonable. AngioScore characterizes TriReme's pre-litigation failure to identify the consulting agreement as ineffective, but again, that does not change the court's conclusion that pursuit of the litigation was not objectively unreasonable or frivolous.

In sum, after considering the totality of the circumstances and the entire context of this case, the court exercises its discretion and concludes that this is not an exceptional case that justifies an award of fees under § 285 to AngioScore. *See Octane*, 134 S. Ct at 1757.

## CONCLUSION

The court denies the motion for fees. This disposes of ECF No. 55.

**IT IS SO ORDERED.**

Dated: May 28, 2015

_____
LAUREL BEELER
United States Magistrate Judge

ORDER DENYING MOTION FOR ATTORNEY'S FEES (No. 3:14-02946-LB)